IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

THOMAS EDWARD BARNARD,                    )
                                          )
          Plaintiff,                      )
                                          )        Case No.: 18-cv-431-CVE-FHM
v.                                        )
                                          )
BANK OF AMERICA, N.A., *et at.*           )
SETERUS, INC.                             )
BAER TIMERLAKE PC                         )
          Defendants.                     )

## PLAINTIFF, THOMAS BARNARD'S REPLY TO THE DEFENDANTS' JOINT RESPONSE TO THE MOTION TO REMAND

## TABLE OF CONTENTS

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

STATEMENT OF ISSUE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

I.   REPLY TO DEFENDANTS' PROPOSITION I AND II
     WHILE REMOVAL MAY HAVE BEEN PROPER AT THE TIME DUE TO FEDERAL QUESTION
     JURISDICTION, THE COURT SHOULD EXERCISE ITS DISCRETION TO REMAND THE MATTER TO
     STATE COURT DUE TO THE DISMISSAL OF THE FEDERAL CLAIM. . . . . . . . . . . . . . . . . . . . . . .3

II.  REPLY TO DEFENDANTS' PROPOSITION III
     a.   THE BASIC REQUIREMENTS OF DIVERSITY ARE NOT MET IN THIS CASE. . . . . . . . . . . . . . . . 5
     b.   THE INCLUSION OF BTPC DOES NOT CONSTITUTE "FRAUDULENT JOINDER." . . . . . . . . . . . 5
     c.   UNDER OKLAHOMA LAW, BARNARD HAS A PRIMA FACIE CLAIM OF ABUSE OF PROCESS UPON
          WHICH HE MAY RECOVER AGAINST BAER & TIMBERLAKE PB ("BTPC"). . . . . . . . . . . . . . .6
     d.   BARNARD ASSERTS A PRIMA FACIE CASE AGAINST BTPC FOR MALICIOUS PROSECUTION. . . .8
     e.   LITIGATION PRIVILEGE DOES NOT APPLY TO ABUSE OF PROCESS AND MALICIOUS
          PROSECUTION CLAIMS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
     f.   NEITHER THE ABUSE OF PROCESS NOR MALICIOUS PROSECUTION CLAIMS ARE BARRED BY
          THE STATUTE OF LIMITATIONS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .12
     g.   WHEN THE ACCRUAL OF CLAIM BEGINS AND THE STATUTE OF LIMITATIONS BARS A CASE ARE
          OFTEN QUESTIONS FOR A JURY. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .13

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

CERTIFICATE OF DELIVERY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

# TABLE OF AUTHORITIES

**Federal Cases**

*Aguayo v. AMCO Ins. Co.,*
   59 F.Supp.3d 1225 (USDC New Mexico 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

*Quiroz v. ConocoPhillips Company,*
   310 F.Supp.3d 1271 (USDC New Mexico 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

*Robinson v. Volkswagenwerk AG*
   940 F2d 1369 (10th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11

*Smith v. Aaron, Aaron, Schimberg & Hess,*
   112 Ill.App.3d 653, 67 Ill.Dec. 775, 776, 445 N.E.2d 67, 68 [1983] . . . . . . . . . . . . . . . .8

**State Cases**

*Greenberg v. Wolfberg*
   890 P.2d 895 (OK 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .12, 13

*Lierly v. Tidewater Petroleum Corporation,*
   139 P.3d 897 (OK 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

*Reeves v. Agee*
   769 P.2d 745, 748 (Okla. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8

**Federal Statutes**

28 U.S.C. §1332 (a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

28 U.S.C. §1367 (c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

**State Statutes**

12 O.S. §95 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

12 O.S. §1443.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11

12 O.S. §2015 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**Rules**

Federal Rule of Civil Procedure 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

Federal Rule of Civil Procedure 15. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8

Oklahoma Rules of Professional Conduct at Rule 3.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Oklahoma Uniform Jury Instruction No. 1.20 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| THOMAS EDWARD BARNARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: 18-cv-431-CVE-FHM |
| v. | ) | |
| | ) | |
| BANK OF AMERICA, N.A., *et at.* | ) | |
| SETERUS, INC. | ) | |
| BAER TIMERLAKE PC | ) | |
| Defendants. | ) | |

## PLAINTIFF, THOMAS BARNARD'S REPLY TO THE DEFENDANTS' JOINT RESPONSE TO THE MOTION TO REMAND

**COMES NOW** Plaintiff, Thomas Barnard, ("Barnard") and for his Reply to *Defendants' Joint Response to the Motion to Remand* states as follows:

### STATEMENT OF ISSUE

On June 8, 2015, Defendant Bank of America ("BANA") filed a foreclosure action against Barnard in Oklahoma District Court for Tulsa County in Case No: CJ-2015-2133 ("Foreclosure Action") through its agents and co-defendants, SETERUS, INC. ("Seterus") and BAER & TIMBERLAKE PC ("BTPC"). BTPC filed on behalf of BANA contemporaneously a *Lis Pendens* on the subject real property of the foreclosure.

BANA lacked standing to file such a lawsuit as it no longer owned the promissory note secured by the mortgage on the property in question. It transferred servicing of the note to Seterus on April 1, 2015[1], and sold the note to Federal Mortgage Corporation on April 18, 2015[2]. In spite of the sale of the note more than a month earlier, the Defendants filed a foreclosure action and

---

[1] See Exhibit 1 – Transfer of Servicer Notice dated April 1, 2015.
[2] See Exhibit 2 – Assignment of Mortgage dated April 18, 2015.

1

clouded Barnard's title to his home with a *Lis Pendens* for almost (3) three years. The foreclosure action was finally dismissed on May 31, 2018 by the Hon. Rebecca Nightingale because of a scheduling error. BANA never voluntarily dismissed its claim against Barnard[3]. The counterclaim was also dismissed but that dismissal was vacated. It still remains at issue. On August 3, 2018 Barnard filed an Amended Counterclaim against the Defendants in the Oklahoma District Court for Tulsa County (the "State Court Action"). This new amendment brought into the State action Defendants, Seterus and BTPC. The Amended Counterclaim alleged *six theories of recovery* to wit: I. Breach of Contract as to Seterus and BANA; II. Bad Faith Conduct as to BANA and Seterus; III. Violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 (et seq.) (FDCPA) as to all Defendants; IV. Abuse of Process as to all Defendants; V. Slander of Title as to Defendant, BANA and VI. Punitive Damages as to all Defendants[4].

On August 21, 2018 Seterus filed its Notice of Removal to this Court. On August 23, 2018 Barnard moved to voluntarily dismiss his federal claims under the FDCPA (the only federal question claim). This motion to dismiss was procedurally defective as it was wholly unnecessary. On August 23, 2018 Barnard filed this *Motion to Remand*. On September 14, 2018 a Notice of Dismissal of the claim was filed curing the defect in the *Motion to Voluntarily Dismiss*. On September 17, 2018 the Court declared the *Motion to Voluntarily Dismiss* moot. Likewise, no federal claims remain at issue.

The Defendants seek exceptional relief in their efforts to remain in federal court. First, ignoring well-established case law encouraging Federal Courts to decline jurisdiction (and remand

---

[3] See Exhibit 3 – The State Court docket sheet. Specifically, the May 31, 2018 entry regarding the dismissal and Barnard's Motion to Vacate the Dismissal.
[4] Punitive damages are not a cause of action on their own. However, a punitive damage claim is a theory of recovery if the jury finds the Defendants' behavior was malicious or with a reckless disregard of Plaintiff's rights, then Plaintiff may recover additional damages to punish and make an example of the Defendants.

to State Court) where there is no longer a federal question, they persist in asserting this Court should exercise its discretion and retain jurisdiction in this matter. Secondly, without discovery, without any evidentiary hearing whatsoever, and prior to even service of process being had on the new defendants, Defendants seek the extraordinary relief of having this Court determine (by a clear and convincing evidence standard) the addition of BTPC is a "fraudulent joinder" in declaring there is *no possibility of recovery* for Barnard against BTPC. Barnard's claims against BTPC are viable and the Defendants' argument must fail.

State Court is the proper forum for this case as no diversity exists and no federal questions remain. The Court should follow the guidance of the Tenth Circuit and the United States Supreme Court and use its discretion likewise to remand.

**ARGUMENT**

I.    **REPLY TO DEFENDANTS' PROPOSITIONS I AND II:**

*While removal may have been proper at the time due to federal question jurisdiction, the Court should exercise its discretion to remand the matter to State Court due to the dismissal of the federal claim.*

Barnard, in his Motion to Remand, is not challenging the Court's jurisdiction to retain the case. Indeed, this Court may deny the remand and have the case litigated here. The question is: Should it?

Barnard is requesting the Court exercise its discretion to remand the case back to State Court now the federal question is moot. On one hand, the Defendants accuse Barnard of trying to evade federal jurisdiction while simultaneously BANA seeks a dismissal of the Fair Debt Collections Act claim in its Motion to Dismiss filed just two days after the removal on August 23, 2018. A response to the Defendants' counterintuitive position is not needed nor justified.

Remand is the favored action here. 28 U.S.C. §1367 (c) states as follows:

> **(c)** The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--
>
> **(1)** the claim raises a novel or complex issue of State law,
>
> **(2)** the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> **(3) the district court has dismissed all claims over which it has original jurisdiction**, or
>
> **(4)** in exceptional circumstances, there are other compelling reasons for declining jurisdiction. [Emphasis supplied.]

Barnard's remaining claims of breach of contract, bad faith conduct, abuse of process, slander of title and punitive damages are brought exclusively under Oklahoma law. The Court in *Quiroz v. ConocoPhillips Company* 310 F.Supp.3d 1271 (USDC New Mexico 2018) stated the Tenth Circuit rule as follows:

> The Tenth Circuit has held that district courts **should presume to decline jurisdiction over state claims when federal claims no longer remain: "When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims."** Koch v. City of Del City, 660 F.3d 1228, 1248 (10th Cir. 2011)(quoting Smith v. City of Enid ex rel. Enid City Comm'n, 149 F.3d 1151, 1156 (10th Cir. 1998))….
>
> *** *
>
> The Court has previously stated that a district court should usually decline to exercise supplemental jurisdiction when 28 U.S.C. § 1367(c) applies. See Armijo v. New Mexico, No. CIV 08-0336, 2009 WL 3672828, at *4 (D.N.M. Sept. 30, 2009)(Browning, J.)("The Supreme Court and the Tenth Circuit have not only acknowledged such a result, they have encouraged it."). **The Tenth Circuit has recognized that a district court does not "abuse [its] discretion" when it declines to exercise supplemental jurisdiction over a claim "under 28 U.S.C. § 1367(c)(3) ... where it has dismissed all claims over which it has original jurisdiction."** Muller v. Culbertson, 408 Fed.Appx. 194, 197 (10th Cir. 2011)(unpublished)(internal quotation marks omitted). See Salazar v. San Juan County Detention Center, 301 F.Supp.3d 1000–03, 2017 WL 4620977, at **5–6. [Emphasis supplied.]

Therefore, with no pending federal question, the Court should decline to exercise its supplemental jurisdiction and send the case back to State Court. While this is discretionary, both the Tenth Circuit and the United States Supreme Court encourage this action.

## II.   *Reply to Defendants' Proposition III*

### a.   *The basic requirements of diversity are not met in this case.*

28 U.S.C. §1332 (a) teaches as follows:

> **(a)** The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
> **(1) citizens of different States;**
> **(2)** citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;
> **(3)** citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
> **(4)** a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States. [Emphasis supplied.]

In the case at hand, the parties do not fulfil the jurisdictional requirements of diversity because Barnard and BTPC are citizens of the State of Oklahoma.

### b.   *The inclusion of BTPC does not constitute "fraudulent joinder".*

An adept analysis on Tenth Circuit law regarding fraudulent joinder is found in *Aguayo v. AMCO Ins. Co.* 59 F. Supp. 3d 1225 (USDC New Mexico 2014). The first test has been abandoned by the defendants that there is any actual fraud in the pleading. Therefore, the second prong of the test is their only assertion.

> Under the second way, the test is **"whether the defendant has demonstrated that there *is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently***

> *means that there is no reasonable basis for the district court to*
> *predict that the plaintiff might be able to recover against an instate*
> *defendant.*" [*Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d at 573.] If
> there is no reasonable basis of recovery, then the court can conclude
> that the plaintiff's decision to join the in-state defendant was indeed
> improper, unless that showing compels the dismissal of all
> defendants. **There is no improper joinder if the defendants'**
> **showing compels the same result for the resident and**
> **nonresident defendants, because this simply means that the**
> **plaintiff's case is ill founded as to all of the defendants. Such a**
> **defense is more properly an attack on the merits of the claim,**
> **rather than an inquiry into the propriety of the joinder of the**
> **in-state defendant.**
> *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d at 249
> (emphasis in original) (citations omitted)(internal quotation marks
> omitted).

In order to establish a claim for fraudulent joinder, the defendants must, by a clear and convincing standard, establish ***there is no possibility*** that Barnard would recover against BTPC. It is not a standard of pleading such as a Rule 12(b)(6) Motion to Dismiss as the defendants would like this Court to believe. It is whether it ***is possible*** for the Plaintiff to recover. They do not contemplate the amendment of pleadings that conform with the evidence as allowed by both state and federal rules of civil procedure. Discovery has not yet begun as to the new defendants. No responsive pleadings are filed.

Therefore, it is premature for the Court to determine Barnard cannot recover on any theory as to BTPC under a clear and convincing standard. The removal based on diversity jurisdiction and fraudulent joinder of BTPC must fail.

### c. Under Oklahoma law, Barnard has a prima facie claim of abuse of process upon which he may recover against Baer & Timberlake PC ("BTPC").

The abuse of process claim in the *Amended Counterclaim* against the Defendants states as follows:

### ABUSE OF PROCESS BY BANA, SETERUS AND BAER TIMBERLAKE

51. BANA and Seterus **through its attorneys and agents Baer Timberlake** filed a sham foreclosure proceeding against Barnard.
52. BANA had no standing to file the lawsuit.
53. Seterus had no claim to file a foreclosure because it had negotiated or was negotiating a successful loan modification with Barnard.
54. The parties later filed a fraudulent affidavit to support summary judgment claiming BANA was entitled to judgment for foreclosure on a note it did not own.
55. The Respondents *improperly used the Court's process* by filing this suit against Barnard.
56. The Respondents filed the suit in order to collect a debt to which it was not entitled and possessed no standing to collect;
57. The purpose for which the Respondents filed this suit is not contemplated by law to be an appropriate objective for the Court system;
58. The Respondents used this lawsuit to evoke a negative reaction from Barnard rather than to seek any perceivable remedy. [Emphasis supplied.] *See* Amended Counterclaim at theory III.

The *Oklahoma Rules of Professional Conduct* at Rule 3.1 and comment [1], in pertinent

parts, provide guidance as follows:

> **Rule 3.1. Meritorious Claims and Contentions**
>
> **A lawyer shall not bring** or defend **a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact** for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law….
>
> > **Comment**
> > [1] **The advocate has** a duty to use legal procedure for the fullest benefit of the client's cause, but also **a duty not to abuse legal procedure. The law, both procedural and substantive, establishes the limits within which an advocate may proceed…**

In this case, BTPC brought a foreclosure action on behalf of a client who had no standing

7

to sue. Seterus participated by providing a false affidavit. The *Lis Pendens* was filed to cloud the title of the property while the sham process was pending for three years. The case was dismissed ultimately in favor of Barnard by the Court. These are fraudulent, unethical activities for which civil process was not intended. Both the caselaw and the *Oklahoma Rules of Professional Conduct* provide this is abusive procedure.

### d.  Barnard asserts a prima facie case against BTPC for malicious prosecution.

Notwithstanding the abuse of process claim, it is foreseeable Barnard will be allowed to amend his Counterclaim and allege malicious prosecution against BTPC and Seterus as well. Amendments to the pleadings are liberally allowed in both State and Federal court proceedings pursuant to Federal Rule of Civil Procedure 15 and 12 O.S. §2015. This will be especially true here because no responsive pleadings are yet filed by the Defendants. Both the State and Federal rules allow amendments when "justice so requires."

The role of lawyers in malicious prosecution was discussed in *Reeves v. Agee,* 769 P.2d 745, 748 (Okla. 1989). There the Oklahoma Supreme Court stated there is "no rule which gives lawyers absolute immunity from liability for malicious prosecution." The court following *Smith v. Aaron, Aaron, Schimberg & Hess,* 112 Ill.App.3d 653, 67 Ill. Dec. 775, 776, 445 N.E.2d 67, 68 [1983]. Both *Smith* and *Reeves* hold that a legal practitioner, who acts knowing that his client has no just claim and that his client is actuated by illegal or malicious motives, may be liable for malicious prosecution. What these cases hold demonstrates the lawyer's understanding of the purpose behind the legal process alleged abusive is key to the claim.

The elements of malicious prosecution are:

1.  Defendant initiated proceedings;

2.  The proceedings were brought without probable cause;

3. Motivated by malice;

4. Terminating in Plaintiff's favor; and

5. Damaging to the Plaintiff. *Id.*

As to how the lack of probable cause and malice are intertwined, the Oklahoma Supreme

Court taught in *Lierly v. Tidewater Petroleum Corporation*, 139 P.3d 897 (OK 2008) as follows:

> The Lierlys proved lack of probable cause with Roberts' testimony. **The injunction petition alleged that the Lierlys blocked Tidewater's access through the Robbins' property and prevented Tidewater from using a lease road to access the oil well, which Roberts testified were not truthful allegations.** Roberts also testified that he had access to the Emma Hengst lease through the Robbins' property when he caused the injunction petition to be filed. **In other words, Roberts knew he would not be injured if an injunction was not granted.** *Sunray Oil Co. v. Cortez Oil Co.,* <u>1941 OK 77, 112 P.2d 792,</u> *Syllabus by the Court, No. 4* **(concluding that a petitioner, to be entitled to injunctive relief, must demonstrate there is a reasonable probability that injury will result if the injunction is not granted).**
>  Roberts' testimony shows the claim for injunctive relief **was grounded in untruthful allegations and was not founded on facts strong enough to warrant the average person's belief in the claim. Roberts' testimony is sufficient to establish a lack of probable cause and give rise to an inference of malice.** *Empire Gas & Fuel Co. v. Wainscott,* <u>1923 OK 334, ¶ 33, 216 P. 141, 145</u> **(teaching that it is not necessary to prove malice by express testimony and that the finder of fact may draw an inference of malice from a showing of lack of probable cause).** [Emphasis supplied.]

Similarly, Barnard makes a prima facie case for malicious prosecution against BTPC as

follows:

1. BTPC filed a lawsuit alleging BANA had a right of foreclosure against Barnard when it did not; Then, filed a *Lis Pendens* clouding Barnard's title to his real property; Also, BTPC filed an affidavit in support of summary judgment making false allegations regarding BANA's status as the note holder; BANA maintained the lawsuit and *Lis*

*Pendens* for three years until May 31, 2018 with full knowledge it did not own the note at issue;

2. Because the lawsuit was maintained upon admitted false factual allegations it lacked probable cause;

3. A lawful and reasonable inference for a jury to conclude is BTPC's actions were malicious per *Lierly supra*;

4. The Plaintiff ultimately prevailed on the action by the dismissal of BANA's claims on May 31, 2018[5];

5. Barnard was damaged by his expense of attorney fees, emotional distress from dealing with the lawsuit; embarrassment and damage to his reputation and his inability to market his property while the sham foreclosure was pending.

Hence, Barnard makes a viable claim for both abuse of process and malicious prosecution against BTPC. Barnard will likely be allowed to assert malicious prosecution claim by amendment whether in Federal or State Court. Therefore, the Defendants fail in their quest to establish fraudulent joinder and the very high standard that Barnard has ***no possibility for recovery*** against BTPC.

### e.   *Litigation privilege does not apply to abuse of process and malicious prosecution claims.*

The Defendants, in their claim for fraudulent joinder, rely heavily upon the concept of

---

[5] This is a final determination in favor of Barnard for two reasons. First BANA previously sued Barnard on the same grounds in Tulsa County Case No. CJ-2013-5779 and dismissed without prejudice. Pursuant to 12 O.S.§ 100 (the Oklahoma Savings Statute) BANA's case has now been dismissed twice and the second is deemed with prejudice. Secondly, BANA no longer owns the note in question and will factually not be in a position to reinstate the case.

litigation privilege. Under Oklahoma law litigation privilege is statutory.  It is found in the title

defining libel and slander. Likewise, it only applies to defamation cases. 12 O.S. §1443.1 states as

follows:

> A. A privileged publication or communication **is one made**:
>
> First. In any legislative or **judicial proceeding or any other proceeding authorized by law;**
>
> Second. In the proper discharge of an official duty;
>
> Third. By a fair and true report of any legislative or judicial or other proceeding authorized by law, or anything said in the course thereof, and any and all expressions of opinion in regard thereto, and criticisms thereon, and any and all criticisms upon the official acts of any and all public officers, except where the matter stated of and concerning the official act done, or of the officer, falsely imputes crime to the officer so criticized.
>
> B. **No publication which under this section would be privileged shall be punishable as libel**. [Emphasis supplied.]

Defendants rely solely in their argument that BTPC is immune from liability under the

doctrine of litigation privilege. They cite *Samson Inv.  Co. v. Chevallier*, 988 P.2d. 327 (Okla.

1999) a defamation case. Seterus' argument is without merit, as Barnard did not assert any

defamation causes of action against BTPC. Rather, Plaintiff brought his counterclaim for abuse of

process. The Tenth Circuit rejected a defense of litigation privilege and absolute immunity as to

attorneys in *Robinson v. Volkswagenwerk AG* 940 F2d 1369 (10th Cir. 1991). The Court stated as

follows:

> All lawyers are protected by an absolute privilege against **defamation actions** based upon litigation conduct in judicial proceedings. *See* 2 F. Harper, F. James & O. Gray, *The Law of Torts* § 5.22 at 191 (1986); 3 *Restatement (Second) of Torts* § 586 at 247–48 (1977); Okla.Stat. Ann. tit. 12, § 1443.1 (1980 & 1991 Cum.Supp.); *Kirschstein v. Haynes,* 788 P.2d 941, 947–48, 954 (Okla.1990) (privilege extends to claims for defamation and intentional infliction of emotional distress). **The same rule does not**

**apply to claims for malicious prosecution.** While prosecuting attorneys are subject to an absolute privilege, *Yaselli,* 12 F.2d at 402–03, **attorneys employed by private persons usually appear to come under the general principle and they are liable under the same conditions that would subject a layman to liability for encouraging, without probable cause and for an improper purpose, a third person to instigate criminal proceedings against another.** 1 F. Harper, F. James & O. Gray, *The Law of Torts,* § 4.3 at 414 (1986); *Restatement (Second) of the Law of Torts* § 653, comment f & illus. 6. **Likewise, in prosecuting civil proceedings, if "an attorney acts without probable cause for belief in the possibility that the claim will succeed, and for an improper purpose, ... he is subject to the same liability as any other person."** *Restatement (Second) of the Law of Torts* § 674, comment d; *Reeves v. Agee,* 769 P.2d 745, 755 (Okla.1989) ("We know of no rule which gives lawyers absolute immunity for malicious prosecution.") [Emphasis supplied.].

   f.   *Neither the abuse of process nor malicious prosecution claims are barred by the statute of limitations.*

Both Barnard's abuse of process and malicious prosecution claims are timely.

Abuse of process is governed by a two-year statute of limitations[6]. The Oklahoma Supreme

Court teaches as to when a cause of action accrues for abuse of process as follows:

**An abuse-of-process claim accrues when the process is abused and damages are incurred, regardless of when the action is determined.** Because this delict concerns itself with specific misapplications or misuses of process, **the statute of limitation must be applied separately to each component of the Process. The court may find earlier components of the Process [as defined by the certifying court] relevant as proof of an ulterior or improper motive in a subsequent action.** [Emphasis supplied.][7]

Here, BTPC filed the sham case in 2015 along with a *Lis Pendens* clouding title to

Barnard's property. Throughout the litigation of the case, Barnard endured attorney fees and

---

[6] *See Greenberg v. Wolfberg* 890 P2d 895 (OK 1995)
[7] Id.

costs, emotional distress, damage to his reputation and the inability to market his property until the claim was dismissed. Damages were being incurred throughout the litigation of the sham case. Therefore, the claim accrued when he continued to suffer damages based upon BTPC's abuse of process until the foreclosure claim was dismissed.

Malicious prosecution has a one-year limitation bar[8]. Barnards claim here accrued on May 31, 2018 when the foreclosure case was dismissed. The Oklahoma Supreme Court discusses the accrual of the claim as follows:

> The Statute of Limitation Trigger
>
> The limitation period for malicious prosecution is triggered by accrual of the cause of action. **To determine when a cause accrues the court must ascertain (1) the nature of the right the litigant seeks to assert and (2) when the plaintiff could have first maintained the cause advanced to a successful result.** Generally, the **one-year time bar is set in motion by each qualified componential predicate terminated in favor of the malicious-prosecution plaintiff.** This is the temporal point that triggers the limitation clock. (*Greenburg supra*) [Emphasis supplied.]

**g. *When the accrual of claim begins and the statute of limitations bars a case are often questions for a jury.***

The Oklahoma Uniform Jury Instruction No. 1.20 comments, in pertinent part, inform the following:

> In general, the date of accrual of a claim is when the owner of the claim **first acquires the right to bring an action on it.** *Samuel Roberts Noble Foundation, Inc. v. Vick*, 1992 OK 140, ¶ 8, 840 P.2d 619, 622. **This will occur as soon as each element of the claim has been satisfied.** Thus, a contract claim will generally accrue on the date of the breach, and a tort claim will generally accrue on the date of the injury. In cases of fraud or professional malpractice, the date of accrual is subject to the discovery rule, under which the date of accrual is when the plaintiff knew or should have known of the injury. *Id.* ¶ 22, 840 P.2d at 624 ("The discovery rule provides that

---

[8] See 12 O.S.§95.

the limitations period does not begin to run until the date the plaintiff knew or should have known of the injury."). *See also Reynolds v. Porter*, 1988 OK 88, ¶ 6 n.8, 760 P.2d 816, 820 n.8 ("The 'discovery rule' allows limitations in tort cases to be tolled until the injured party knows or, in the exercise of reasonable diligence, should have known of the injury."); *Funnell v. Jones*, 1985 OK 73, ¶ 6, 737 P.2d 105, 107 ("In Oklahoma, an action for malpractice, whether medical or legal, though based on a contract of employment, is an action in tort and is governed by the two-year statute of limitations [which] begins to run from the date the negligent act occurred or from the date the plaintiff should have known of the act complained of. "); *Matter of Woodward*, 1976 OK 55, ¶ 10, 549 P.2d 1207, 1209 ("Where means of discovering fraud are in hands of party defrauded and defrauding party has not covered up his fraud to extent it would be difficult or impossible to discover, party defrauded will be deemed to have had notice of fraud from date means of discovering such fraud came into his hands and fraud will be deemed to have been discovered upon that date.").

It is fairly straightforward when the claim accrued for malicious prosecution – when the BANA foreclosure was dismissed on May 31, 2018. All the elements were then satisfied. Therefore, Barnard has until May 31, 2019 to assert his claim against BTPC.  Abuse of process limitations period will be an issue for jury determination. Nevertheless, Defendants are misguided in their attempt to persuade this Court all Barnard's claims against BTPC are barred by statutes of limitations.

### CONCLUSION AND PRAYER

**WHEREFORE** Plaintiff, Thomas Barnard, prays this *Motion to Remand* be SUSTAINED and the case be REMANDED back to State Court for further proceedings.

Respectfully Submitted,


/s/ Edward G. Lindsey
Edward G. Lindsey

THE LINDSEY LAW FIRM P.C.
Edward G. Lindsey OBA#15290
427 S. Boston Ave, Suite 709
(918) 587-0097
(918) 587-3763 Fax

## CERTIFICATE OF DELIVERY

I hereby certify that on the 20th day of September, 2018, a true and correct copy of the above and foregoing was electronically transmitted to the following:

Brian J. Rayment
Brayment@kivell.com

John Spencer Bryan
jspencerbryan@gmail.com

Donald J. Timberlake
Don@baer-timberlake.com

/s/ Edward G. Lindsey_____
Edward G. Lindsey