# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BANK OF AMERICA, N.A., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 18-CV-0431-CVE-FHM |
| | ) |
| THOMAS EDWARD BARNARD, | ) |
| SPOUSE OF THOMAS EDWARD | ) |
| BARNARD, IF MARRIED, | ) |
| JANE DOE, AS OCCUPANT OF THE | ) |
| PREMISES, | ) |
| JOHN DOE, AS OCCUPANT OF THE | ) |
| PREMISES, | ) |
| KEYBANK, N.A., | ) |
| THE BANK OF NEW YORK MELLON, | ) |
| LVNV FUNDING, LLC, | ) |
| SIMMONS FIRST NATIONAL BANK, | ) |
| Successors by Merger to Security | ) |
| Savings Bank, FSB, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| THOMAS EDWARD BARNARD, | ) |
| | ) |
| Third-Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| SETERUS INC and | ) |
| BAER TIMBERLAKE P.C., | ) |
| | ) |
| Third-Party Defendants. | ) |

## OPINION AND ORDER

Now before the Court are Bank of America, N.A.'s motion to dismiss amended counterclaim and third-party petition (Dkt. # 13) and Thomas Barnard's objection to removal and motion to remand to state court (Dkt. # 18). Bank of America, N.A. (Bank of America) filed this foreclosure

action against Thomas Edward Barnard and others in Tulsa County District Court. On August 3, 2018, Barnard filed amended counterclaims and a third-party petition adding Seterus Inc. (Seterus) and Baer Timberlake P.C. (Baer Timberlake) as third-party defendants, and third-party defendant Seterus filed a notice of removal seeking to remove Barnard's counterclaims and third-party claims to this Court. Dkt. # 2. Barnard asks the Court to remand this case to state court for lack of subject matter jurisdiction.

**I.**

On June 8, 2015, Bank of America filed this foreclosure action against Barnard alleging that he had defaulted on his mortgage. Dkt. # 2-1. Bank of America was represented by the law firm of Baer Timberlake. Dkt. # 31-1, at 11. Barnard filed an answer and also asserted counterclaims against Bank of America. Dkt. # 2-1, at 46. Although the counterclaims are not separated by count, it appears that Barnard was asserting counterclaims of breach of contract and unjust enrichment under state law, and a counterclaim alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (FDCPA). The notice of removal does not contain a state court docket sheet or a complete record of the filings in the foreclosure action, but Barnard has filed a copy of the state court docket sheet (Dkt. # 31-1, at 7-22).[1]

---

[1] Local Rule 81.2 requires that a defendant who removes a case to this Court shall, "in addition to filing a notice of removal, file a clearly legible copy of all documents filed or served in the case, along with a copy of the docket sheet of the case." Seterus failed to comply with this requirement, and the Court has only a limited record to determine what occurred in this case prior to removal. The Tenth Circuit has determined that a removing defendant's failure to provide the complete state court record with the notice of removal is a procedural defect, but this defect is curable and does not independently require remand to state court. Countryman v. Farmers Ins. Exchange, 639 F.3d 1270, 1272-73 (10th Cir. 2011).

On May 31, 2018, Bank of America dismissed the foreclosure action and the state court closed the entire case. Dkt. # 31-1, at 18. Barnard filed a motion to vacate the order of dismissal as to his counterclaims against Bank of America. Id. The state court granted Barnard's motion and reinstated his counterclaims. Id. at 20. Barnard filed a motion seeking to file amended counterclaims and a third-party petition, and he also asked the state court to amend the case caption to reflect that he was the plaintiff. Id. at 19-20. The state court granted Barnard's motion to file amended counterclaims and a third-party petition, but his request to re-align the parties to reflect that he is the plaintiff was denied. Id. at 21.

On August 3, 2018, Barnard filed amended counterclaims (Dkt. # 8) against Bank of America, and Barnard also added Seterus and Baer Timberlake as third-party defendants. Barnard alleges state law counterclaims of breach of contract, bad faith, and abuse of process, and a federal law FDCPA counterclaim against Bank of America. Barnard, in his capacity as third-party plaintiff, alleges third-party claims against Seterus for breach of contract, bad faith, abuse of process, and a federal law third-party claim under the FDCPA. Barnard also alleges third-party claims of abuse of process and slander of title under state law and a federal law FDCPA claim against Baer Timberlake. Dkt. # 8. Barnard states that he has not served the amended counterclaims on Seterus or Baer Timberlake. Dkt. # 18, at 2. In his amended counterclaims, Barnard states that he is a resident of Tulsa County, Oklahoma, and he alleges that Bank of America and Seterus are foreign corporations. Dkt. # 8, at 2. Barnard does not make any allegations concerning the citizenship of Baer Timberlake but, in response to the motion to remand, Barnard states that Baer Timberlake is an Oklahoma professional corporation. Dkt. # 8, at 2; Dkt. # 18, at 2.

On August 21, 2018, Seterus filed a notice of removal (Dkt. # 2) stating that this Court has federal question and diversity jurisdiction over this case. Seterus refers to Barnard as the "plaintiff" and Bank of America, Seterus, and Baer Timberlake as the "defendants." Barnard has alleged a counterclaim against Bank of America and third-party claims against Seterus and Baer Timberlake under the FDCPA, and Seterus asserts that the Court has original jurisdiction over Barnard's FDCPA claims. Seterus also argues that Baer Timberlake was fraudulently joined as a party and, if the Court disregards Baer Timberlake as a party, the Court will have diversity jurisdiction over Barnard's state law claims. Barnard has filed a notice of dismissal (Dkt. # 29) of his FDCPA claims against Bank of America, Seterus, and Baer Timberlake.

**II.**

Barnard asks the Court to remand the case to state court because he has dismissed his federal law claims and the Court lacks diversity jurisdiction over this case. Dkt. # 18. Seterus objects to Barnard's motion to remand, and Baer Timberlake joins in Seterus' objection. Dkt. # 28, at 8. Seterus argues that Barnard's dismissal of his FDCPA claims has no effect on the Court's jurisdiction because the Court had jurisdiction when the case was removed. Dkt. # 28, at 10-12. As to Barnard's state law claims, Seterus argues that Baer Timberlake was fraudulently joined as a party, because there is no possibility that Barnard can recover against Baer Timberlake for slander of title or abuse of process as a matter of Oklahoma law. Id. at 16-26. Even if Baer Timberlake were properly joined as a party, Seterus asks the Court to exercise supplemental jurisdiction over this case. Id. at 13-15.

4

## A.

Before reaching the issues raised by the parties, the Court finds that there is another issue potentially going to the jurisdiction of the Court that must be addressed. The notice of removal incorrectly identifies Barnard as the "plaintiff" and Bank of America, Seterus, and Baer Timberlake as "defendants." The Court has reviewed the petition filed by Bank of America and the amended counterclaims filed by Barnard, and Bank of America is clearly the plaintiff that filed the foreclosure action. Seterus and Baer Timberlake were sued as third-party defendants by Barnard, and it is Barnard who was named as a defendant in Bank of America's petition. Under 28 U.S.C. § 1441(a), a case may be removed by "defendant or defendants" only, and the removal statutes do not expressly permit removal by a third-party defendant.

The Tenth Circuit has not considered whether removal by a third-party defendant is permissible, but Tenth Circuit precedent is clear that removal statutes are to be construed narrowly and any ambiguity in the removal statutes should be interpreted in light of the limited nature of federal jurisdiction. Pritchett v. Office Depot, Inc., 420 F.3d 1090, 1094-95 (10th Cir. 2005). The "propriety of removal is judged on the complaint as it stands at the time of removal." Salzer v. SSM Health Care of Oklahoma Inc., 762 F.3d 1130, 1133 (10th Cir. 2014). It must be clear on the face of the complaint that the district court has original jurisdiction over the case, and "a case may not be removed to federal court solely because of a defense or counterclaim arising under federal law." Topeka Housing Authority v. Johnson, 404 F.3d 1245, 1247 (10th Cir. 2005).

Under 28 U.S.C. § 1441(a), a case may be removed to federal district court by "the defendant or the defendants," and the statute does not expressly permit removal by a third-party defendant. Several circuit courts of appeals have considered this issue and have concluded that third-party

defendants are not permitted to remove a case from state court to federal district court. See Westwood Apex v. Contreras, 644 F.3d 799 (9th Cir. 2011); First Nat'l Bank of Pulaski v. Curry, 301 F.3d 456 (6th Cir. 2002); Thomas v. Shelton, 740 F.2d 478 (7th Cir. 1984). Federal district courts in the Tenth Circuit have consistently interpreted the removal statutes to prohibit the removal of a case by a third-party defendant. Foltz v. Columbia Casualty Co., 2016 WL 3829144 (W.D. Okla. July 12, 2016); Federal Nat'l Mortgage Ass'n v. Milasinovich, 161 F. Supp. 3d 981 (D.N.M. 2016); NCO Fin. Sys., Inc. v. Yari, 422 F. Supp. 2d 1237 (D. Colo. 2006). On two occasions, this Court has found that a third-party defendant may not remove a case to federal court. Oklahoma v. 1983 Porsche, 2008 WL 4570315 (N.D. Okla. Oct. 10, 2008); Stillwater Nat'l Bank & Trust Co. v. Perryman Family Revocable Trust Dated November 1, 1997 ex rel. Perryman, 2006 WL 3716894 (N.D. Okla. Dec. 14, 2006).

The case was removed by Seterus, a third-party defendant. It is unclear if this would constitute a procedural or jurisdictional defect of removal, and the Tenth Circuit has held that a district court may not sua sponte remand a case to state court based on a procedural defect. City of Albuquerque v. Soto Enterprises, Inc., 864 F.3d 1089, 1093 (10th Cir. 2017). However, the procedural and jurisdictional issues overlap in this case because the Court would not have had jurisdiction over the foreclosure action filed by Bank of America, and the Court still lacks jurisdiction over the claims asserted in Bank of America's petition. Tenth Circuit precedent is clear that, under the well-pleaded complaint rule, a court may consider only the claims alleged in the plaintiff's complaint to determine whether a case can be removed. Hansen v. Harper Excavating, Inc., 641 F.3d 1216 (10th Cir. 2011). A case cannot be removed to federal court based solely on a federal defense or counterclaim asserted by a defendant. Topeka Housing Authority, 404 F.3d at

1247. In this case, Bank of America filed a petition in state court seeking to foreclose on a mortgage, and there is no federal question apparent of the face of the petition. Dkt. # 2-1, at 1-6. The petition also provides no basis to determine the citizenship of the parties and the case could not have been removed based on diversity jurisdiction. The state court denied Barnard's motion to re-align the parties and Barnard is still appearing before the Court as a defendant. Dkt. # 31-1, at 21. Seterus refers to Barnard as the "plaintiff," but the state court did not re-align the parties prior to removal and any re-alignment of the parties must be done by a court. Green Tree Fin. Corp. v. Arndt, 72 F. Supp. 2d 1278, 1282 (D. Kan. 1999). Even though Bank of America dismissed its foreclosure action, Bank of America is still identified as the plaintiff on the state court docket sheet, and the parties cannot re-align themselves in order to facilitate removal of a case to federal court. The Court finds that it lacks jurisdiction over the claims asserted in Bank of America's petition, and Seterus may not rely on counterclaims or third-party claims as a basis for removal. The Court has no authority to consider Barnard's counterclaims or third-party claims as a basis to exercise original jurisdiction over this case, and the case should be remanded to state court for lack of subject matter jurisdiction.

**B.**

The Court has found that it lacks jurisdiction over the foreclosure action filed by Bank of America. However, the Court will assume for the sake of argument that removal by a third-party defendant is appropriate and consider whether the Court would have federal question or diversity jurisdiction over the counterclaims and third-party claims asserted by Barnard. Seterus argues that Barnard cannot defeat removal and destroy federal question jurisdiction by voluntarily dismissing his federal law claims, because the propriety of removal is determined at the time the notice of

removal is filed. Dkt. # 28, at 11. Barnard responds that he had not served Seterus or Baer Timberlake in the state court action and his notice of dismissal disposed of his federal law claims. He argues that the court lacks federal question jurisdiction over this case, and he asks the Court to decline to exercise supplemental jurisdiction over his state court claims. Dkt. # 18, at 2-3.

Seterus argues that the propriety of removal is determined at the time the notice of removal is filed, and a plaintiff may not defeat the existence of subject matter jurisdiction by a post-removal action. Dkt. # 28, at 11. However, the cases cited by Seterus are distinguishable, and the law is clearly established that events subsequent to the filing of a notice of remand can deprive the district court of jurisdiction.[2] One such event that would warrant remand of a case to state court is the plaintiff's decision to dismiss or abandon any federal law claims that provided the basis for the district court to exercise federal question jurisdiction over the case. Carnegie-Mellon University v. Cohill, 484 U.S. 343 (1988); Quintana v. Strand, 2009 WL 10708121, *1 (D.N.M. Mar. 3, 2009) If a district court dismisses all federal claims, the district court no longer has federal question jurisdiction, but it may exercise its discretion to retain supplemental jurisdiction over any state law claims. Carlsbad Technology, Inc. v. HIF Bio, Inc., 556 U.S. 635, 640 (2009).

Under 28 U.S.C. § 1367(c), a federal district court may decline to exercise supplemental jurisdiction when it has "dismissed all claims over which it has original jurisdiction." The Court recognizes that it has discretion to retain jurisdiction over a pendent state law claim in some

---

[2] Seterus cites Russell v. Geico Gen. Ins. Co., 2015 WL 13427604 (N.D. Okla. July 22, 2015), for the proposition that "events occurring subsequent to removal . . . do not oust the district court's jurisdiction once it has attached." Dkt. # 28, at 11. However, the omitted part of the quotation clearly limits this rule to events that reduce the amount in controversy in a diversity action, and it has nothing to do with the dismissal of federal law claims. Russell, 2015 WL 13427604, at *1.

8

circumstances. United Mine Workers of America v. Gibbs, 383 U.S. 715 (1966). However, "if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." Id. at 726; see also United States v. Botefuhr, 309 F.3d 1263, 1273-74 (10th Cir. 2002) ("a district court should normally dismiss supplemental state law claims after all federal claims have been dismissed, particularly when the federal claims are dismissed before trial"). Even if the Court had subject matter jurisdiction over this case, the Court declines to exercise supplemental jurisdiction over plaintiff's state law claims, but the Court will consider whether it has diversity jurisdiction over the remaining claims.

## C.

Seterus argues that Barnard fraudulently joined Baer Timberlake as a party, because Barnard has no possibility of recovery against Seterues. Dkt. # 28, at 16-22. Seterus also argues that the actions of which Barnard complains were made on behalf of Baer Timberlake's client and are subject to a litigation privilege. Dkt. # 28, at 23-25. Barnard responds that he has a possibility of recovery against Seterus in state court, because he has adequately alleged claims of abuse of process or slander of title or he could amend his pleadings to cure any pleading deficiency. Dkt. # 31, at 10.

The Supreme Court has recognized that a defendant's "right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy." Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921). A defendant can prove fraudulent joinder by showing that either: (1) plaintiff's jurisdictional allegations are fraudulent and made in bad faith; or (2) plaintiff has no possibility of recovery against the non-diverse defendant. Slover v. Equitable Variable Life Ins. Co., 443 F. Supp. 2d 1272, 1279 (N.D. Okla. 2006). If defendants can show that the non-diverse defendants, Baer Timberlake, was fraudulently joined, the parties will

9

be completely diverse and the Court may exercise subject matter jurisdiction. See American Nat. Bank & Trust Co. of Sapulpa, v. Bic Corp., 931 F.2d 1411, 1412 (10th Cir. 1991) ("If, as defendant suggests, plaintiffs joined the Oklahoma residents without good faith, defendant may remove on the grounds of fraudulent joinder."). To prove that a party has been fraudulently joined, the defendant has the burden to "demonstrate that there is no possibility that [plaintiff] would be able to establish a cause of action against [the joined party] in state court." Hart v. Bayer Corp., 199 F.3d 239, 246 (5th Cir. 2000). When a defendant raises specific allegations of fraudulent joinder, the Court may pierce the pleadings to evaluate the defendant's argument. Smoot v. Chicago, Rock Island & Pac. R.R. Co., 378 F. 2d 879, 881-82 (10th Cir. 1967); Dodd v. Fawcett Publications, Inc., 329 F.2d 82, 85 (10th Cir. 1964). "The burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one." Hart, 199 F.3d at 246 (quoting B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981)). Although the Court can pierce the pleadings, "[t]his does not mean that the federal court will pre-try, as a matter of course, doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with complete certainty." Smoot, 378 F.2d at 882.

Barnard has alleged an abuse of process claim against Baer Timberlake. Under Oklahoma law, the elements of an abuse of process claim are "(1) the improper use of the court's process (2) primarily for an ulterior or improper process (3) with resulting damage to the plaintiff asserting the misuse." McGinnity v. Kirk, 362 P.3d 186, 203-04 (Okla. 2015). Oklahoma follows the Restatement (Second) of Torts § 682 in defining the contours of an abuse of process claim. Id. at 204. A key part of an abuse of process claim is that the abusive litigation be "primarily" for an improper purpose, and it is not abusive to proceed with litigation for a proper purpose, even if there

is an "incidental motive of spite." Id. The statute of limitations for an abuse of process claim begins to accrue "when the process is abused and damages are incurred, regardless of when the action is determined." Greenberg v. Wolfberg, 890 P.2d 895, 905 (Okla. 1994). Barnard has also alleged a slander of title claim against Baer Timberlake, and the elements of this claim are "1) publication; 2) a false statement in the publication; 3) malice in the publication; 4) special damage resulting from the publication; and 5) ownership or possession of the property that is the subject of the publication." Grasz v. Discover Bank ex rel. SA Discover Fin. Servs., Inc., 315 P.3d 406, 409 (Okla. Civ. App. 2013). It is a valid defense to a slander of title claim that the publication was privileged , and a "fair and true report of any judicial proceeding is a privileged communication." Id. The malice element of a slander of title claim "is not ill will or hatred, but a lack of good faith and want of probable cause." Voiles v. Santa Fe Minerals, Inc., 911 P.2d 1205, 1209-10 (Okla. 1996).

Seterus argues that Barnard has failed to adequately allege claims of abuse of process or slander of title against Baer Timberlake and there is no possibility that Barnard can recover against Baer Timberlake. In his amended counterclaims, Barnard alleges that he was having difficulty paying his mortgage and Bank of America offered to allow him to participate in a mortgage modification program. Dkt. # 2-1, at 58. He claims that he was making timely payments under a modification program, but Bank of America cancelled the modification after a telephone call during which a representative of Bank of America mistakenly believed that Barnard was declining further participation in the mortgage modification program. Id. at 59. Barnard alleges that Bank of America began rejecting his reduced payments, and he claims that Bank of America filed this foreclosure action after allegedly selling his loan to Seterus. Id. at 60. Barnard states that Baer

11

Timberlake filed a notice of lis pendens in the Tulsa County land records and filed a motion for summary judgment in the foreclosure action containing numerous false or fraudulent statements. Id. Barnard subsequently received a loan modification from his new loan servicer, but he claims that the actions of Bank of America, Seterus, and Baer Timberlake caused him to pay a higher interest rate. Id. at 61.

Seterus argues that Barnard has failed to state claims of abuse of process or slander of title against Baer Timberlake, and Seterus also asserts that the actions of Baer Timberlake were protected by a litigation privilege. When considering whether a party has been fraudulently joined, federal district courts do not apply the Twombly standard to determine if the state court plaintiff has adequately stated a claim, but the defendant seeking to invoke federal jurisdiction must show that the plaintiff has no possibility of recovering against the fraudulently joined defendant in state court. Bellman v. NXP Semiconductors USA, Inc., 248 F. Supp. 3d 1081, 1133 (D.N.M. 2017); Shue v. High Pressure Transports, LLC, 2010 WL 4824560 (N.D. Okla. Nov. 22, 2010). Seterus argues that Barnard's sparse allegations as to Baer Timberlake's motive or improper purpose are insufficient to state a claim for abuse of process, and Baer Timberlake could not have committed slander of title by filing a correct notice that a foreclosure action had been filed. Barnard responds that he could request leave to file an amended pleading asserting additional factual allegations and it would premature for the Court to dismiss Baer Timberlake as a fraudulently joined party. Dkt. # 31, at 10. Seterus' arguments are based on factual deficiencies with Barnard's claims, and Barnard suggests that he could amend his pleadings to state additional facts that would cure any pleading deficiency. The Court finds that it would be premature to dismiss Baer Timberlake as a party if there is a possibility that Barnard could amend his pleadings to state a claim against Baer Timberlake that

would be sufficient under state law pleading standards, and Seterus has not shown that Barnard has no possibility of recovery against Baer Timberlake. See <u>Lopez v. Continental Tire North America, Inc.</u>, 2018 WL 2560332 (N.D. Okla. June 4, 2018). As to Seterus' argument concerning litigation privilege, the authority cited by the parties suggests that the scope of the litigation privilege under Oklahoma law is uncertain, and this is an issue that should be reserved for the state courts to resolve. Seterus has failed to show that Baer Timberlake was fraudulently joined as a party and, even if removal by a third-party defendant were permitted, the Court would conclude that it lacks diversity jurisdiction over this case.

**IT IS THEREFORE ORDERED** that Thomas Barnard's objection to removal and motion to remand to state court (Dkt. # 18) is **granted**.

**IT IS FURTHER ORDERED** that Bank of America, N.A.,'s motion to dismiss amended counterclaim and third-party petition (Dkt. # 13) remains pending for adjudication in state court.

**IT IS FURTHER ORDERED** that the Court Clerk is directed to **remand** this case to Tulsa County District Court.

**DATED** this 11th day of December, 2018.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE